# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

 v.                **Case No. 08-CR-89**

**JUSTIN BROWN,**
  **Defendant.**

## ORDER

On December 21, 2009, I sentenced defendant Justin Brown to 70 months in prison on his guilty plea to conspiracy to distribute 50 grams or more of crack cocaine. This sentence represented a departure from the ten year mandatory minimum on the government's 18 U.S.C. § 3553(e) motion. Defendant took no appeal but on January 10, 2011, he filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act ("FSA") of 2010.[1]

Generally, the district court lacks authority to reduce a sentence once it has been imposed. 18 U.S.C. § 3582(c); <u>United States v. Smith</u>, 438 F.3d 796, 799 (7th Cir. 2006). Section 3582(c)(2) creates a limited exception to this rule, allowing the district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." However, the district court possesses this authority only if two conditions are met: first, an amendment to the sentencing guidelines must specifically be listed as having

---

[1] On January 5, 2011, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which I address in a separate order.

retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed. United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009); see also United States v. Forman, 553 F.3d 585, 588 (7th Cir.), cert. denied, 129 S. Ct. 2817 (2009) (holding that the district court has subject-matter jurisdiction to modify the sentence only if the defendant's guideline range has subsequently been lowered).

As defendant notes, the FSA increased the amount of crack cocaine needed to trigger the ten-year mandatory minimum. However, the FSA does not apply retroactively to persons, like defendant, who were sentenced before its enactment. United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010). Nor has the Commission made retroactive the guideline amendments it adopted following passage of the FSA. Therefore, I lack authority to reduce defendant's sentence on this basis. See, e.g., United States v. McNair, No. 3:08-CR-116, 2011 WL 133019, at *2 (E.D. Tenn. Jan. 14, 2011); United States v. Williams, No. 4:07CR00248, 2011 WL 17628, at *1 (E.D. Ark. Jan. 3, 2011); United States v. Jones, No. 4:98cr89, 2010 WL 5057089, at *2 (W.D.N.C. Dec. 6, 2010). Defendant also asks me to consider his post-conviction rehabilitation. While such efforts are laudable, they also provide no basis for sentence modification under § 3582(c)(2). See United States v. Norris, No. 1:07-CR-77, 2010 WL 4339275, at *2 (N.D. Ind. Oct. 27, 2010).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge